IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BERNICE MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 06-0220-CG-B |
| | ) | |
| UNITED STATES DEPT. OF JUSTICE, | ) | |
| BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS and EXPLOSIVES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on motion and brief of the United States on behalf of the Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to dismiss or in the alternative for summary judgment (Docs. 27, 28), the United States' supplemental brief (Doc. 29), plaintiff's response thereto (Doc. 33), and the United States' reply (Doc. 35).  The court finds that ATF properly withheld the Firearms Trace System database information requested by plaintiff and that plaintiff cannot maintain a § 1983 claim against ATF under the circumstances of this case.  Therefore, defendants' motion to dismiss is due to be granted.

## BACKGROUND

This case arises from ATF's denial of plaintiff's request for information concerning the ownership of a particular firearm. (Complaint).  The pro se complaint asserts jurisdiction under the Freedom of Information Act ("FOIA"), but also refers to the deprivation of plaintiff's rights under 42 U.S.C. § 1983. (Id.).  The United States asserts that the records requested are

1

specifically exempted from disclosure under 5 U.S.C. § 552(b)(3) and the Consolidated Appropriations Act, Public Law 108-447.  The United States further asserts that, to the extent plaintiff asserts a § 1983 claim, the claim fails because ATF, as a federal agency, did not act under color of state law.

## DISCUSSION

**A. Dismissal Standard**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id.  However, to survive a motion to dismiss, a plaintiff may not merely "label" her claims.   At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)).  The court must accept all well pled factual allegations as true. U.S. v. Gaubert, 499 U.S. 315 (1991). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoting South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)); see also  Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted

as true." citation omitted); Finklea v. U.S., 2001 WL 103005, *2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true." citing Assoc. Builders, Inc.).

**B. Freedom of Information Act**

The FOIA mandates broad disclosure of government records to the public, CIA v. Sims, 471 U.S. 159, 166, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985), subject to nine enumerated exemptions. See 5 U.S.C. § 552(b). ATF contends that exemption 3 applies to the information at issue. Exemption 3 protects from disclosure records that are "specifically exempted ... by statute ... provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). ATF asserts that it withheld information that Congress has expressly prohibited ATF from releasing to the public and has made "immune from legal process." The Consolidated Appropriations Act of 2005[1] cuts funding for data requests like plaintiff's and states that the data "shall be immune from legal process." Pub.L. 108-447, 118 Stat. 2809, 2859-60 codified as amended at 18 U.S.C. § 923. The inclusion of the "immune from legal process" language signifies that Congress' intention to prohibit release of the information to the public is not solely related to budgetary considerations. As the Seventh Circuit has explained:

---

[1] A 2006 rider was passed which adds that the information "shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based upon such data, in any civil action pending on or filed after the effective date of this Act (including the District of Columbia) or Federal court." Pub.L. No. 109-108, 119 Stat. 2290, 2295-96. The language of the 2005 Act was not altered in any other respects and the additional language does not appear to be applicable to the circumstances here.

> Congress' obvious intention in adding the "immune from legal process" language to the funding restriction that existed under prior riders was to cut off access to the databases for any reason not related to law enforcement. The public is now doubly restricted from access to these databases: first, the funding restriction prevents the federal agency that collects the data from acting on a request for disclosure; and second, the requesting party has no judicial remedy as the information is immune from legal process and not subject to subpoena or otherwise discoverable in a civil action.

<u>City of Chicago v. United States Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms</u>, 423 F.3d 777, 780 (7th Cir. 2005). "Congress' obvious intention in adding the 'immune from legal process' language to the funding restriction that existed under prior riders was to cut off access to the databases for any reason not related to law enforcement." <u>Id.</u> The Consolidated Appropriations Act of 2005 clearly demonstrates Congress' intent to protect the requested information from general public disclosure to avoid endangering law enforcement and homeland security and to avoid violating the privacy of innocent citizens and business. H.R. Rep. No. 576, 108th Cong., 2d Sess.30 (2004) (House Report to the 2005 Appropriations Act). Thus, the court finds that ATF properly withheld the information under exemption 3. <u>See</u> <u>Antonelli v. ATF</u>, 2006 WL 3747312, *2 (D.D.C. Dec. 18, 2006) ("ATF properly withheld the seven pages of material under exemption 3." citations omitted).

In her response, plaintiff asserts the reasons she needs the information. According to plaintiff, the information would be instrumental in overturning the conviction of her son, Hashim Muhammad. Plaintiff details the alleged unfair and fraudulent actions of the prosecution, trial court, and appellate court in her son's criminal case. However, Mr. Muhammad's criminal case is not before this court at this time and the court will not address the propriety of his conviction. The Consolidated Appropriations Act prohibits disclosure under the circumstances of this case regardless of the reasons the information is requested.

**C. 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against any person who, under color of state law, deprives another of rights secured by the Constitution." <u>Wyatt v. Cole</u>, 994 F.2d 1113, 1117 (5th Cir. 1993), on remand, 112 S. Ct. 1827, 504 U.S. 158, 118 L.Ed.2d 504, citing <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, ___, 112 S. Ct. 1061, 1066, 117 L.Ed.2d 261 (1992). The purpose of 42 U.S.C. § 1983 is to deter state actors from using a badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. <u>Wyatt</u>, 994 F.2d 1113. The "initial inquiry" in a 42 U.S.C. § 1983 motion is: "(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States." <u>Duke v. Massey, Secretary of State of Georgia</u>, 87 F.3d 1226, 1231 (11th Cir. 1996)(internal citations omitted). ATF is clearly a federal agency acting pursuant to the provisions of federal statutory law and cannot be deemed to have acted "under color of state law" in its refusal to produce the requested Firearms Trace System database information. As a result, there is no set of facts that the plaintiff could prove to support a claim against ATF based on 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Doc. 27) is **GRANTED** and this case is hereby **DISMISSED**.

**DONE and ORDERED** this 6th day of February, 2007.

                                            /s/   Callie V. S. Granade
                                      CHIEF UNITED STATES DISTRICT JUDGE