IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BERNICE MUHAMMAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 06-0220-CG-B |
| ) | |
| **UNITED STATES DEPT. OF JUSTICE,** ) | |
| **BUREAU OF ALCOHOL, TOBACCO,** ) | |
| **FIREARMS and EXPLOSIVES,** ) | |
| ) | |
| **Defendants.** | |

### ORDER

This matter is before the court on plaintiff's motion for clarification, reconsideration and discussion. (Doc. 38).  Plaintiff seeks reconsideration of the court's order of February 6, 2007, which granted defendant's motion to dismiss. (Doc. 37).   The court found that, under the circumstances of this case, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") properly withheld the Firearms Trace System database information under exemption 3 to the Freedom of Information Act ("FOIA") and that, to the extent that plaintiff asserts a § 1983 claim, the claim cannot be maintained against ATF because ATF did not act under color of state law.

In her current motion, plaintiff first asserts that she has made no claim under § 1983.  That assertion, however, does not change the outcome because plaintiff has not asserted any other viable claim.  The court also found plaintiff could not maintain a claim under FOIA.

Plaintiff then attempts to restate her compelling need for the information and her reasons why she claims ATF's denial of her request for information was unfair.  Plaintiff proffers that she has not yet had the opportunity to engage in discovery; however, discovery would not help her case since the requested information is "immune from legal process." Pub.L. 108-447, 118 Stat.

1

2809, 2859-60 codified as amended at 18 U.S.C. § 923.  Plaintiff argues that the information should have been disclosed in her son's criminal proceeding.  However, as this court previously explained, her son's criminal case is not before the court here.[1]  The instant case is a civil matter regarding the denial of her request for information from ATF.  The Consolidated Appropriations Act prohibits disclosure under the circumstances of this case regardless of the reasons the information is requested.

## CONCLUSION

For the reasons stated above, plaintiff's motion for clarification, reconsideration and discussion (Doc. 38) is **DENIED**.

**DONE and ORDERED** this 26th day of February,  2007.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff apparently takes offense at the court's statement that in her previous pleadings she "detail[ed] the alleged unfair and fraudulent actions of the prosecution, trial court, and appellate court in her son's criminal case."  Plaintiff asserts that "[t]his is an assumption made by the court that would harm Plaintiff's case on appeal, and I must ask the court to establish this assumption as truth."  The court was referring to plaintiff's statements in her response and supporting brief (Docs. 33, 34) that the prosecution in her son's case proceeded unfairly and unconstitutionally and that the criminal court allowed the case to proceed and to result in her son's allegedly wrongful conviction.